TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

----------------------------------------------------------------
                             :
        OPINION              :          No. 87-1202
                             :
          of                 :          MARCH 3, 1988
                             :
   JOHN K. VAN DE KAMP       :
     Attorney General        :
                             :
     CLAYTON P. ROCHE        :
  Deputy Attorney General    :
                             :
----------------------------------------------------------------


        JAMES F. McMULLEN, CHIEF, CALIFORNIA STATE FIRE MARSHAL, has requested an opinion on the following questions:

        1.  In adopting regulations for roof covering pursuant to Health and Safety Code section 13108.5, is it sufficient to state the roof covering required for each category of fire severity zone designated by the Director of Forestry or is it necessary to identify the areas covered by such zones either by incorporating maps of such zones directly in the regulations or by reference to such maps in the regulations of the Director of Forestry?

        2.  Does the Fire Marshal have authority to enforce his roof covering regulations in fire hazard severity zones?

CONCLUSIONS

        1.  In adopting regulations for roof covering pursuant to Health and Safety Code section 13108.5, it is sufficient to state the roof covering required for each category of fire severity zone indicating such zones by the designations given them by the Director of Forestry.

        2.  The Fire Marshal has authority to enforce his roof covering regulations in those portions of fire hazard severity zones which are outside the boundaries of incorporated cities or districts providing fire protection services and within those cities and districts whose chief fire official or governing body has requested such enforcement by the Fire Marshal within their respective boundaries.

ANALYSIS

Under the provisions of section 4125 et seq. of the Public Resources Code, the State Board of Forestry designates "state responsibility areas", that is, those areas of the state where the prevention and suppression of fire is primarily the responsibility of the state. Such lands generally are forest, timber and brush lands which lie outside the corporate limits of cities and outside the National Forests. (See, generally, 66 Ops.Cal.Atty.Gen. 512, 513-514 (1983).)

Under the provisions of sections 4201 through 4204 of the Public Resources Code, the State Director of Forestry is required to classify lands within "state responsibility areas" into fire hazard severity zones. As stated in section 4203 of the Public Resources Code: "(a) [t]he director shall, by regulation, designate fire hazard severity zones and assign to each a rating reflecting the degree of severity of fire hazard that is expected to prevail in the zone." The Director of Forestry's duly adopted regulations are to be found in section 1280 of Title 14 of the California Code of Regulations. It provides:

"1280. Fire Hazard Severity Zones.

"The fire hazard severity zones and the rating reflecting the degree of severity of fire hazard that is expected to prevail in those zones, shall be designated by the Director and delineated on a series of maps on file in the Sacramento Office of the Department of Forestry, 1419 Ninth Street, Room 1653-10. The maps are entitled 'Maps of Fire Hazard Severity Zones in the State Responsibility Area of California', dated August 1984."

Under the provisions of sections 13100 et seq. of the Health and Safety Code[1], particularly sections 13108 and 13143, the State Fire Marshal adopts building standards, not inconsistent with laws or ordinances, relating to state-owned or state occupied buildings, and buildings used as an asylum, jail, mental hospital, hospital, sanitarium, home for the aged, children's home, schools and places of public assemblage such as theatres, dance halls, auditoriums and other places where 50 or more persons may gather. Section 13108.5 sets forth a special provision with respect to roof coverings in "state responsibility areas". It states:

---

[1]All future section references will be to the Health and Safety Code unless otherwise indicated.

"The State Fire Marshal shall adopt, amend, and repeal regulations for roof coverings and openings into the attic areas of buildings in those fire hazard severity zones designated by the Director of Forestry pursuant to Article 9 (commencing with Section 4201) of Chapter l of Part 2 of Division 4 of the Public Resources Code.

"The regulations shall be consistent with the rules and regulations adopted by the Commission of Housing and Community Development pursuant to Section 17922 and shall apply to buildings subject to this part located in fire hazard severity zones within state responsibility areas. The regulations shall be enforced by the agency responsible for enforcement of this part within each zone.

"The State Fire Marshal shall take into account the rating, reflecting the degree of severity of fire hazard assigned pursuant to Section 4203 of the Public Resources Code for each of the fire hazard severity zones.

"The regulations adopted pursuant to this section are applicable to new buildings constructed and to existing buildings when 50 percent or more of the roof area is reroofed pursuant to a building permit when the application for the permit is filed after the effective date of the regulations. When there is no building permit, the regulations are applicable to buildings constructed and to buildings where 50 percent or more of the roof area is reroofed after the effective date of the regulations."

The State Fire Marshal, in accordance with this directive, has promulgated regulations adding subdivision (d) to section 2-3202 of title 24 of the California Code of Regulations with respect to "Roof Construction and Materials." These regulations, set forth in full in the appendix, apply to the "fire hazard severity zones" established by the Director of Forestry, which are stated to be:

1. "Very high fire hazard severity zones;

2. "High fire hazard severity zones; and

3. "Moderate fire hazard severity zones."

They designate the type of materials which are to be used as roof coverings in each of such zones. They, however, do not include maps of such zones. Nor do they specifically incorporate by reference such maps promulgated by the Director of Forestry, and to

be found as set forth in title 14 of the California Code of Regulations.  They, however, do include the following notes:

"NOTE NO. 1:  For authority to establish Fire Hazard Severity Zones, see section 1280, Title 14, California Administrative Code, and Section 4203, Public Resources Code.

"NOTE NO. 2:  Copies of Fire Hazard Severity Zone Maps may be reviewed at California Department of Forestry and Fire Protection, Sacramento, Ranger Unit Offices, and County Planning Commission Offices in those countieshaving State Responsibility Lands."

1. Is Inclusion of or Specific Reference To
   Maps Necessary?

The first question presented is whether, in adopting these regulations, it was sufficient for the State Fire Marshal to state the roof coverings required for each category of fire severity zone, or whether it was also necessary to identify these areas or zones by directly incorporating the Director of Forestry's maps into the regulations, or by specifically incorporating such maps by references.  We conclude the regulations are sufficient in their present form.

With respect to the adoption of administrative regulations by state agencies, sections 11342.1 and 11342.2 of the Government Code provide:

§ 11342.1:

"Except as provided in Section 11344, nothing in this chapter confers authority upon or augments the authority of any state agency to adopt, administer, or enforce any regulation.  Each regulation adopted, to be effective, must be within the scope of authority conferred and in accordance with standards prescribed by other provisions of law."

§ 11342.2:

"Whenever by the express or implied terms of any statute a state agency has authority to adopt regulations to implement, interpret, make specific or otherwise carry out the provisions of the statute, no regulation adopted is valid or effective unless consistent and not in conflict with the statute and reasonably necessary to effectuate the purpose of the statute."

These general rules, as previously found in sections 11373 and 11374 of the Government Code, were discussed by the

California Supreme Court in relation to determining the validity of an administrative regulation in <u>Food Dealers Assn.</u> v. <u>Department of Motor Vehicles</u> (1982) 32 Cal.3d 347, 355-356 as follows:[2]

> "The court's role in reviewing administrative regulations adopted pursuant to the former Administrative Procedure Act is a [3] 'First, our task is to inquire into the legality of the challenged

regulation, not its wisdom. (<u>Morris</u> v. <u>Williams</u> (1967) 67 Cal.2d 733, 737 [63 Cal.Rptr. 689, 433 P.2d 697].) Second, in reviewing the legality of a regulation adopted pursuant to a delegation of legislative power,

> the judicial function is limited to determining whether the regulation (1) is "within the scope of [the] authority conferred" ([former] Gov. Code, § 11373) and (2) is "reasonably necessary to effectuate the purpose of the statute" ([former] Gov. Code, § 11374). Moreover, "these issues do not represent a matter for the independent judgment of an appellate tribunal; rather, both come to this court freighted with the strong presumption of regularity accorded administrative rules and regulations." (<u>Ralphs Grocery Co.</u> v. <u>Reimel</u> (1968) 69 Cal.2d 172, 175 [70 Cal.Rptr. 407, 444 P.2d 79].) (2) And in considering whether the regulation is "reasonably necessary" under the foregoing standards, the court will defer to the agency's expertise and will not "superimpose its own policy judgment upon the agency in the absence of an arbitrary and capricious decision." (<u>Pitts</u> v. <u>Perluss</u> (1962) 58 Cal.2d 824, 832 [27 Cal.Rptr. 19, 377 P.2d 83].)' (<u>Agricultural Labor Relations Bd.</u> v. <u>Superior Court</u> (1976) 16 Cal.3d 392, 411 [128 Cal.Rptr. 183, 546 P.2d 687]; see also <u>Pacific Legal Foundation</u> v. <u>Unemployment Ins. Appeals Bd.</u> (1981) 29 Cal.3d 101, 111 [172 Cal.Rptr. 194, 624 P.2d 244]; <u>International Business Machines</u> v. <u>State Bd. of Equalization</u> (1980) 26 Cal.3d 923, 931, fn. 7 [163 Cal.Rptr. 782, 609 P.2d 1]).

> "As the court noted in <u>Agricultural Labor Relations Bd.</u> v. <u>Superior Court</u>, <u>supra</u>, 16 Cal.3d at page 411, 'although these rules have been often restated, it would be well to remember that they are not merely empty rhetoric.' <u>Where the Legislature has delegated to an</u>

---

[2]In footnote 3, the court noted the recodification of California Administrative Procedure Act:

> "3 The former Administrative Procedure Act (see former Gov. Code, §§ 11371-11445) was repealed and reenacted in 1979, effective July 1, 1980. (Stats. 1979 ch. 567, §§ 1-9, pp. 1778-1795; see Gov. Code, §§ 11340-11370.5.)"

administrative agency the responsibility to implement a statutory scheme through rules and regulations, the courts will interfere only where the agency has clearly overstepped its statutory authority or violated a constitutional mandate." (Emphasis added.)

In short, so long as the State Fire Marshal did not violate any statutory authority in adopting his roof covering regulations, the courts will not interfere if the regulations are otherwise reasonable.

"Generally, the same rules of construction and interpretation which apply to statutes govern the construction and interpretation of rules and regulations of administrative agencies." (Cal. Drive-In Restaurant Assn. v. Clark (1943) 22 Cal.2d 287, 292.) ". . . a statute '"'will be upheld if its terms may be made reasonably certain by reference to other definable sources.'"'" (Burg v. Municipal Court (1983) 35 Cal.3d 257, 272.)

Thus in Burg the court countered the argument that the statute prohibiting driving with a blood alcohol level of 0.10 percent or greater was void for vagueness by pointing out, inter alia, that "[c]harts are readily available to the public to show with reasonable certainty the number of alcoholic beverages necessary for a particular individual to reach a blood-alcohol level of 0.10 percent." (Ibid.) Such charts are issued by the Department of Motor Vehicles to drivers. And in Thirteen Committee v. Weinreb (1985) 168 Cal.App.3d 528, 532, the court applied the same rule to make specific the term "political purposes" in section 82025 of the financial disclosure provisions of the Political Reform Act of 1974. The court said the term could be made certain by reference to the administrative regulations of the Fair Political Practices Commission.

In neither of the foregoing authorities did the court require any specific incorporation by reference to the materials by which the terms of the statute could be made certain. Accordingly, with respect to the Fire Marshal's regulations, all that is required is that the particular fire severity zones may be ascertained by referring to other documents, that is, "other definable sources." As noted in the State Fire Marshal's regulations, these other defined sources are the maps which have been prepared by the Department of Forestry which may be examined at designated locations.

Furthermore, section 13108.5 itself, in its requirements that the Fire Marshal adopt regulations, specifically refers to "those fire hazard severity zones designated by the Director of Forestry pursuant to article 9 (commencing with section 4201) of chapter 18 part 2 of division 4 of the Public Resources Code."

We believe that this reference in the statute constitutes an implied adoption by reference of the maps which designate those zones both for purposes of section 13108.5 and any regulations adopted pursuant thereto.

    2.    The Authority and Duty To Enforce The Roof Covering Regulations

The second question presented is whether the State Fire Marshal has the authority to enforce the roof covering regulations he has adopted pursuant to section 13108.5 and who has the primary enforcement authority for such regulations.

Building regulations such as those adopted by the State Fire Marshal bring into play not only his statutory powers and duties, but also the provisions of the State Housing Law (§ 17910 et seq.) and the State Building Standards Law (§ 18901 et seq.). Since a fire regulation may also be a building regulation, certain divisions of authority and <u>overlaps</u> in enforcement authority and duties may arise between state and local officials under these laws. (See generally 65 Ops.Cal.Atty.Gen. 397 (1982); 64 Ops.Cal.Atty. Gen. 386 (1981); 63 Ops.Cal.Atty.Gen. 773 (1980); 61 Ops.Cal.Atty.Gen. 256, 263-264 (1978); 58 Ops.Cal.Atty.Gen. 13 (1975); 20 Ops.Cal.Atty.Gen. 31 (1952); 15 Ops.Cal.Atty.Gen, 129 (1950); 7 Ops.Cal.Atty.Gen. 276 (1946).)

Such a division of or overlap of enforcement authority is understandable when one considers the broad scope of the term "enforcement". As defined in section 17920, subdivision (e) of the State Housing Law:

"(e) 'Enforcement' means diligent effort to secure compliance, including review of plans and permit applications, response to complaints, citation of violations, and other legal process. Except as otherwise provided in this part, 'enforcement' may, but need not, include inspections of existing buildings on which no complaint or permit application has been filed, and effort to secure compliance as to such existing buildings."

As to the roof covering regulations promulgated pursuant to section 13108.5, that section specifically provides for the enforcement authority in paragraph two. That paragraph states:

"The regulations shall be enforced by the agency responsible for enforcement of this part within each zone."

This language refers to sections 13145 et seq.

Section 13145 provides:

"The State Fire Marshal, the chief of any city or county fire department or district providing fire protection services, and their authorized representatives, shall enforce in their respective areas building standards relating to fire and panic safety adopted by the State Fire Marshal and published in the State Building Standards Code and other regulations that have been formally adopted by the State Fire Marshal for the prevention of fire for the protection of life and property against fire or panic.

Section 13146 provides:

"The division of authority for enforcement of building standards adopted by the State Fire Marshal and published in the State Building Standards Code relating to fire and panic safety and other regulations of the State Fire Marshal shall be as follows:

"(a)     The chief of any city or county fire department or district providing fire protection services, and their authorized representatives, shall enforce such building standards and other regulations of the State Fire Marshal in their respective areas.

"(b)  The State Fire Marshal shall have authority to enforce such building standards and other regulations of the State Fire Marshal in areas outside of corporate cities and districts providing fire protection services.

"(c)  The State Fire Marshal shall have authority to enforce such building standards and other regulations of the State Fire Marshal in corporate cities and districts providing fire protection services upon request of the chief fire official or the governing body."

Thus, the general authority of the State Fire Marshal to enforce his roof covering regulations is set forth in subdivisions (b) and (c) of section 13146.  (See also § 13146.1, inspection of jails and places of detention § 13146.3, inspection of schools.)[3]  The Fire Marshal is authorized to enforce his roof covering regulations "in areas outside of corporate cities and districts providing fire protection services" and "in corporate cities and districts providing fire protection services upon request of the chief fire official or the governing body."  Of course, if a city or district withdraws its request, the Fire Marshal would lose his enforcement authority under section 13146 in those areas.

--------

[3]In the State Housing Law, see also sections 17920.7, 17921(b); 17960 et seq.  In the State Building Standards Law, see § 18945 et seq.

The request for this opinion also asked who has the "primary" enforcement authority for enforcing the Fire Marshal's roof covering regulations. We have found nothing in the law to suggest that one officer's law enforcement authority to enforce such regulations is "primary " in the sense that it is superior to the authority of another officer who has statutory authority to enforce the same regulations. In short, the law does not contemplate that one law enforcement authority is primary to another in the sense that one's actions are superior to another's. In this respect, we feel our advice in 15 Ops.Cal.Atty.Gen. 129, 130, <u>supra</u>, is still valid. We stated:

"In all of these situations we believe that both regulatory bodies have jurisdiction to enforce the statutes and rules falling particularly within their province, that is, fire and panic regulations will be enforced by the fire authorities and violations of the building regulations dealing with health and safety will be the responsibility of the Division of Housing, or the local housing authority. Where some elements of rule or statute involves both or where there is a borderline question the matter of enforcement must be worked out by the enforcement agencies involved.

"A good rule of procedure would be to have the inspectors of both agencies call any violation to the attention of the person in charge of the premises where the violation occurs and at the same time notify the other agency should the violation be particularly within the province of the second agency."

\*  \*  \*  \*

APPENDIX

The Fire Marshal's regulation referred to in this opinion became effective January 1, 1988. It amends chapter 2-32 entitled Roof Construction and Covering in the State Building Code set forth in part 2, title 24 of the California Code of Regulations by adding subdivision (d) to section 2-3202 thereof entitled Roof Construction and Materials. (§ 2-3201 of said chapter provides that the "quality, design and application of roofs shall comply with the requirements and standards adopted by reference from chapters 32 and 60, UBC [Uniform Building Code], and with the modified references from UBC and other requirements set forth in this chapter.") Subdivision (d) added to section 2-3202 by the Fire Marshal's regulation reads as follows:

"(d) Roof Coverings Within Fire Hazard Severity Zones. Unless prohibited by more stringent requirement of this code, roofs on all buildings in fire hazard severity zones established by the California Department of Forestry and Fire Protection shall comply as follows:

"1. Very high fire hazard severity zone.

"A. Any Class A listed roof, or

"B. Any noncombustible roof.

"2. High fire hazard severity zone.

"A. Any roof complying with Section 3203(e), fire retardant roofs, UBC, 1985 Edition.

"EXCEPTION: A Class C listed mineral surfaced asphalt shingle roof covering as per Section 3203(e)5, UBC, 1985 Edition, shall not be permitted.

"3. Moderate fire hazard severity zone.

"A. Any roof complying with Section 3202(e), fire retardant Edition, or

"B. Any Class C listed roof.

"4. The installer of the roof covering shall provide certification of roof covering classification to the inspection authority having jurisdiction.

"5. Section 2-3202(d) is applicable to new buildings constructed and to existing buildings when 50 percent or more of the roof is reroofed pursuant to a building permit when the application for the permit if filed after the effective date of this section. When there is no building permit, this section is applicable

to buildings constructed and to buildings where 50 percent of more of the roof area is reroofed after the effective date of this section.

"6.    These building standards should not be construed to preclude local authorities from adopting more stringent roof covering requirements through their local rulemaking process.

"Local enforcing authorities may reduce the roof covering requirements of these building standards in their respective area of jurisdiction by first appealing to their local Boards of Appeals.  Boards of Appeals shall submit a written finding of fact and recommendations to the State Fire Marshal for a reduction of such roof covering building standards.  The State Fire Marshal shall respond with his/her decision of the State Fire Marshal is binding.

"NOTE NO. 1:  For authority to establish Fire Hazard Severity Zones, see Section 1280, Title 14, California Administrative Code, and Section 4203, Public Resources Code.

"NOTE NO. 2:  Copies of Fire Hazard Severity Zone Maps may be reviewed at California Department of Forestry and Fire Protection, Sacramento, Ranger Unit Offices, and County Planning Commission Offices in those counties having State Responsibility Lands.